UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
SECURITIES AND EXCHANGE COMMISSION,

                        Plaintiff,

            - against -

GREENSTONE HOLDINGS, INC., HISAO SAL
MIWA, JOHN B. FROHLING, DANIEL D.
STARCZEWSKI, JOE V. OVERCASH, JR., FRANK J.
MORELLI, III, THOMAS F. PIERSON, JAMES S.
PAINTER, III, and VIRGINIA K. SOURLIS

                        Defendants,

ACTIVE STEALTH, LLC, BAF CONSULTING, INC.,
BLUEWATER EXECUTIVE CAPITAL, LLC,
EMERGING MARKETS CONSULTING, LLC, KCS
REFERAL SERVICES, LLC, MBA INVESTORS,
LTD., NEW AGE SPORTS, INC., POWER
NETWORK, INC., PROJECT DEVELOPMENT, INC.,
SEVILLE CONSULTING, INC., STARR
CONSULTING, INC., TUSCANY CONSULTING,
INC., and YT2K, INC.,

                        Relief Defendants.
------------------------------------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/17/11

10 Civ. 1302 (MGC)

ECF CASE

## JUDGMENT AS TO DEFENDANT THOMAS F. PIERSON AND RELIEF DEFENDANTS ACTIVE STEALTH, LLC, MBA INVESTORS, LTD., AND YT2K, INC.

The Securities and Exchange Commission having filed a Second Amended Complaint (the "Complaint") and Defendant Thomas F. Pierson ("Defendant") and Relief Defendants Active Stealth, LLC, MBA Investors, Ltd., and YT2K, Inc. (collectively, "Relief Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendant and Relief Defendants and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

 (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

 (a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

 (b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

 (c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use

or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that (a) Defendant and Relief Defendants shall jointly-and-severally pay disgorgement of ill-gotten gains and prejudgment interest thereon, and (b) Defendant shall pay a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from January 1, 2006, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant and Relief Defendants will be precluded from arguing that

4

Defendant did not violate the federal securities laws as alleged in the Complaint; (b) Defendant and Relief Defendants will be further precluded from arguing that Relief Defendants did not receive ill-gotten funds or that they have a legitimate claim to those funds as alleged in the Complaint, and the only issue to be determined by the Court concerning the Relief Defendants is the amount of disgorgement to be ordered against them; (c) Defendant and Relief Defendants may not challenge the validity of the Consent or this Judgment; (d) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (e) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant and Relief Defendants shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: ___May 16, 2011___

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
SECURITIES AND EXCHANGE COMMISSION,

                 Plaintiff,

- against -

GREENSTONE HOLDINGS, INC., HISAO SAL
MIWA, JOHN B. FROHLING, DANIEL D.
STARCZEWSKI, JOE V. OVERCASH, JR., FRANK J.
MORELLI, III, THOMAS F. PIERSON, JAMES S.
PAINTER, III, and VIRGINIA K. SOURLIS

                 Defendants,

ACTIVE STEALTH, LLC, BAF CONSULTING, INC.,
BLUEWATER EXECUTIVE CAPITAL, LLC,
EMERGING MARKETS CONSULTING, LLC, KCS
REFERAL SERVICES, LLC, MBA INVESTORS,
LTD., NEW AGE SPORTS, INC., POWER
NETWORK, INC., PROJECT DEVELOPMENT, INC.,
SEVILLE CONSULTING, INC., STARR
CONSULTING, INC., TUSCANY CONSULTING,
INC., and YT2K, INC.,

                 Relief Defendants.
-------------------------------------------------------------- x

10 Civ. 1302 (MGC)

ECF CASE

## CONSENT OF DEFENDANT THOMAS F. PIERSON AND RELIEF DEFENDANTS ACTIVE STEALTH, LLC, MBA INVESTORS, LTD., AND YT2K, INC.

1. Defendant Thomas F. Pierson ("Defendant") and Relief Defendants Active Stealth, LLC, MBA Investors, Ltd., and YT2K, Inc. (collectively, "Relief Defendants") acknowledge having been served with the Second Amended Complaint (the "Complaint") in this action, enter a general appearance, and admit the Court's jurisdiction over Defendant and Relief Defendants and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant and Relief Defendants admit),

1

Defendant and Relief Defendants hereby consent to the entry of the Judgment in the form attached hereto (the "Judgment") and incorporated by reference herein, which, among other things:

    (a)    permanently restrains and enjoins Defendant from violating Section 5 of the Securities Act of 1933, as amended (the "Securities Act") [15 U.S.C. § 77e], Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [C.F.R. § 240.10b-5]; and

    (b)    bars Defendant permanently from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock, a penny stock being any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. § 240.3a51-1].

3.    Defendant and Relief Defendants agree that the Court shall order (a) Defendant and Relief Defendants, jointly-and-severally, to disgorge ill-gotten gains and prejudgment interest thereon, and (b) Defendant to pay a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant and Relief Defendants further agree that the amounts of the disgorgement and civil penalty shall be determined by the Court upon motion of the Commission, and that prejudgment interest shall be calculated from January 1, 2006, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income

tax as set forth in 26 U.S.C. § 6621(a)(2). Defendant and Relief Defendants further agree that in connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant and Relief Defendants will be precluded from arguing that Defendant did not violate the federal securities laws as alleged in the Complaint; (b) Defendant and Relief Defendants will be further precluded from arguing that Relief Defendants did not receive ill-gotten funds or that they have a legitimate claim to those funds as alleged in the Complaint, and the only issue to be determined by the Court concerning the Relief Defendants is the amount of disgorgement to be ordered against them; (c) Defendant and Relief Defendants may not challenge the validity of this Consent or the Judgment; (d) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (e) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

4. Defendant and Relief Defendants waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant and Relief Defendants waive the right, if any, to a jury trial and to appeal from the entry of the Judgment.

6. Defendant and Relief Defendants enter into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission

3

or any member, officer, employee, agent, or representative of the Commission to induce Defendant and Relief Defendants to enter into this Consent.

7. Defendant and Relief Defendants agree that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

8. Defendant and Relief Defendants will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant and Relief Defendants waive service of the Judgment and agree that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant and Relief Defendants of its terms and conditions. Defendant and Relief Defendants further agree to provide counsel for the Commission, within thirty days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant and Relief Defendants have received and read a copy of the Judgment.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant and Relief Defendants in this civil proceeding. Defendant and Relief Defendants acknowledge that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant and Relief Defendants waive any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant and Relief Defendants further acknowledge that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other

4

regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant and Relief Defendants understand that they shall not be permitted to contest the factual allegations of the Complaint in this action.

11. Defendant and Relief Defendants understand and agree to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant and Relief Defendants agree: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant and Relief Defendants hereby withdraw any papers filed in this action to the extent that they deny any allegation in the Complaint. If Defendant or any Relief Defendant breaches this agreement, the Commission may petition the Court to vacate the Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's or Relief Defendants': (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant and Relief Defendants hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United

5

States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant or Relief Defendants to defend against this action. For these purposes, Defendant and Relief Defendants agree that Defendant and Relief Defendants are not the prevailing party in this action since the parties have reached a good faith settlement.

13. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant and Relief Defendants (i) agree to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoint Defendant's and Relief Defendants' undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waive the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates of Defendant or representative of the Relief Defendants; and (v) consent to personal jurisdiction over Defendant and Relief Defendants in any United States District Court for purposes of enforcing any such subpoena.

14. Defendant and Relief Defendants agree that the Commission may present the Judgment to the Court for signature and entry without further notice.

6

15. Defendant and Relief Defendants agree that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Judgment.

Dated: 4/26/11

Thomas F. Pierson

On April 26, 2011, Thomas F. Pierson, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

KIARA QUILES
MY COMMISSION # EE72099
EXPIRES: April 04, 2015

Notary Public
Commission expires: 4/4/15

Active Stealth, LLC

Dated: _____

By: _____
Richard M. Muller
Manager
8050 N. University Drive, Ste 202
Tamarac, Florida 33321

On _____, 200_, _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

Notary Public
Commission expires:

7

15. Defendant and Relief Defendants agree that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Judgment.

Dated: _____                              _____
                                                    Thomas F. Pierson

On _____, 200_. _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

                                                    _____
                                                    Notary Public
                                                    Commission expires:


                                                    Active Stealth, LLC

Dated: 4-26-11                                      By: _____
                                                    Richard M. Muller
                                                    Manager
                                                    8050 N. University Drive, Ste 202
                                                    Tamarac, Florida 33321

On 26th, 20 01. Angela Cripps (Stokes), a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

                                                    Angela Cripps (Stokes)
                                                    Notary Public
                                                    Commission expires:

7

MBA Investors, Ltd.

Dated: 4/26/11

By: _____
Thomas F. Pierson
President
8050 N. University Drive, Ste 202
Tamarac, Florida 33321

On April 26, 2001, Thomas F. Pierson, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: 4/04/2015

YT2K, Inc.

Dated: _____

By: _____
Richard M. Muller
President
8050 N. University Drive, Ste 202
Tamarac, Florida 33321

On _____, 200__, _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

Approved as to form:

_____
Russell C. Weigel, III, Esq.
Law Office of Russell C. Weigel, III
5775 Blue Lagoon Drive, Suite 100
Miami, FL 33126
Tel (786) 888-4567
*Attorney for Defendant Thomas F. Pierson
and Relief Defendants Active Stealth, LLC,
MBA Investors, Ltd., and YT2K, Inc.*

8

MBA Investors, Ltd.

Dated: _____  By: _____
Thomas F. Pierson
President
8050 N. University Drive, Ste 202
Tamarac, Florida 33321

On _____, 200_, _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

YT2K, Inc.

Dated: 4-26-11   By: _Richard M. Muller_ (signature)
Richard M. Muller
President
8050 N. University Drive, Ste 202
Tamarac, Florida 33321

On 26th, 2001, Angela Cripps (Stokes), a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_Angela Cripps (Stokes)_ (signature)
Notary Public
Commission expires:

Approved as to form;

_signature_

Russell C. Weigel, III, Esq.
Law Office of Russell C. Weigel, III
5775 Blue Lagoon Drive, Suite 100
Miami, FL 33126
Tel (786) 888-4567
*Attorney for Defendant Thomas F. Pierson
and Relief Defendants Active Stealth, LLC,
MBA Investors, Ltd., and YT2K, Inc.*

8