UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
SECURITIES AND EXCHANGE COMMISSION,

                        Plaintiff,

                - against -

GREENSTONE HOLDINGS, INC., HISAO SAL
MIWA, JOHN B. FROHLING, DANIEL D.
STARCZEWSKI, JOE V. OVERCASH, JR., FRANK J.
MORELLI, III, THOMAS F. PIERSON, JAMES S.
PAINTER, III, and VIRGINIA K. SOURLIS

                        Defendants,

ACTIVE STEALTH, LLC, BAF CONSULTING, INC.,
BLUEWATER EXECUTIVE CAPITAL, LLC,
EMERGING MARKETS CONSULTING, LLC, KCS
REFERAL SERVICES, LLC, MBA INVESTORS,
LTD., NEW AGE SPORTS, INC., POWER
NETWORK, INC., PROJECT DEVELOPMENT, INC.,
SEVILLE CONSULTING, INC., STARR
CONSULTING, INC., TUSCANY CONSULTING,
INC., and YT2K, INC.,

                        Relief Defendants.
------------------------------------------------------------------- x

10 Civ. 1302 (MGC)

ECF CASE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/30/2011

## FINAL JUDGMENT AS TO DEFENDANTS DANIEL D. STARCZEWSKI AND JOE V. OVERCASH, JR. AND RELIEF DEFENDANTS POWER NETWORK, INC., TUSCANY CONSULTING, INC., STARR CONSULTING, INC., SEVILLE CONSULTING, INC., AND PROJECT DEVELOPMENT, INC.

Plaintiff the Securities and Exchange Commission ("Commission") having filed a Second Amended Complaint and Defendants Daniel D. Starczewski and Joe V. Overcash, Jr. (the "Defendants"), and Relief Defendants Power Network, Inc., Tuscany Consulting, Inc., Starr Consulting, Inc., Seville Consulting, Inc., and Project Development, Inc. ("Relief Defendants"), having entered a general appearance; consented to the Court's jurisdiction over Defendants and Relief Defendants and the subject matter of this action; consented to entry of this Final Judgment

without admitting or denying the allegations of the Second Amended Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

  (a)   to employ any device, scheme, or artifice to defraud;

  (b)   to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

  (c)   to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities

Act of 1933, as amended (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for

    delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are barred, for three years following the date of entry of this Final Judgment, from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. § 240.3a51-1].

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that:

(a) Defendants and Relief Defendants are jointly and severally liable for disgorgement of $206,763, representing profits gained as a result of the conduct alleged in the Second Amended Complaint, together with prejudgment interest thereon in the amount of $25,000 (the "Disgorgement").

(b) Defendants and Relief Defendants shall satisfy this disgorgement obligation by paying (1) $115,881.50 within 240 days after entry of this Final Judgment, plus post-judgment

interest pursuant to 28 U.S.C. § 1961; and (2) an additional $115,881.50 within 365 days of this Final Judgment, plus post-judgment interest pursuant to 28 U.S.C. § 1961. Defendants and Relief Defendants shall make these payments by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Daniel D. Starczewski and Joe V. Overcash, Jr. as defendants in this action, and Power Network, Inc., Tuscany Consulting, Inc., Starr Consulting, Inc., Seville Consulting, Inc., and Project Development, Inc. as relief defendants in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendants and Relief Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

   (c) Defendant Starczewski shall pay a civil penalty in the amount of $55,000 (the "Starczewski Penalty") pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant Starczewski shall satisfy this obligation by paying $55,000 within 120 days after entry of this Final Judgment, plus post-judgment interest pursuant to 28 U.S.C. § 1961, by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Daniel D.

5

Starczewski as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant Starczewski shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

(d) Defendant Overcash shall pay a civil penalty in the amount of $55,000 (the "Overcash Penalty") pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant Overcash shall satisfy this obligation by paying $55,000 within 120 days after entry of this Final Judgment, plus post-judgment interest pursuant to 28 U.S.C. § 1961, by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Joe V. Overcash, Jr. as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant Overcash shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

(e) If Defendants or Relief Defendants fail to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately without further application to the Court.

(f)   To secure payment of the Disgorgement, the Starczewski Penalty, and the Overcash Penalty, Defendant Starczewski has provided the Commission with a Security Agreement and Forms UCC-1 and UCC-1Cad with respect to the cooperative apartment known as Apartment 19-V, 310 East 46th Street, New York, New York 10017 (the "Property"). In the event Defendants and Relief Defendants fail to make any payment required by this Final Judgment, the Commission may enforce the Security Agreement against the Property.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the annexed Consent of Defendants and Relief Defendants is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants and Relief Defendants shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _June 29, 2011_

S/ _____
UNITED STATES DISTRICT JUDGE

Case 1:10-cv-01302-MGC   Document 135   Filed 06/30/11   Page 8 of 16      Cedarbaum, J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
SECURITIES AND EXCHANGE COMMISSION,

                    Plaintiff,

       - against -

GREENSTONE HOLDINGS, INC., HISAO SAL MIWA, JOHN B. FROHLING, DANIEL D. STARCZEWSKI, JOE V. OVERCASH, JR., FRANK J. MORELLI III, THOMAS F. PIERSON, JAMES S. PAINTER, III, and VIRGINIA K. SOURLIS

                    Defendants,

ACTIVE STEALTH, LLC, BAF CONSULTING, INC., BLUEWATER EXECUTIVE CAPITAL, LLC, EMERGING MARKETS CONSULTING, LLC, KCS REFERAL SERVICES, LLC, MBA INVESTORS, LTD., NEW AGE SPORTS, INC., POWER NETWORK, INC., PROJECT DEVELOPMENT, INC., SEVILLE CONSULTING, INC., STARR CONSULTING, INC., TUSCANY CONSULTING, INC., and YT2K, INC., .

                    Relief Defendants.

------------------------------------------------------------- x

10 Civ. 1302 (MGC)

ECF CASE

### CONSENT OF DEFENDANTS DANIEL D. STARCZEWSKI AND JOE V. OVERCASH, JR., AND RELIEF DEFENDANTS POWER NETWORK INC., TUSCANY CONSULTING, INC., STARR CONSULTING INC., SEVILLE CONSULTING INC., AND PROJECT DEVELOPMENT INC.

1.    Defendants Daniel D. Starczewski and Joe V. Overcash, Jr. ("Defendants"), and Relief Defendants Power Network, Inc., Tuscany Consulting, Inc., Starr Consulting, Inc., Seville Consulting, Inc., and Project Development, Inc. ("Relief Defendants") acknowledge having been served with the Second Amended Complaint in this action, enter a general appearance, and admit the Court's jurisdiction over Defendants and Relief Defendants and over the subject matter of this action.

1

2. Without admitting or denying the allegations of the Second Amended Complaint (except as to personal and subject matter jurisdiction, which Defendants and Relief Defendants admit), Defendants and Relief Defendants hereby consent to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a) permanently restrains and enjoins Defendants from violating Section 5 of the Securities Act of 1933, as amended (the "Securities Act") [15 U.S.C. § 77e], Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)(1)-(3)], Section 10(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [C.F.R. § 240.10b-5].

    (b) bars Defendants, for three years following the date of entry of the Final Judgment, from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock, a penny stock being any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. § 240.3a51-1];

    (c) orders Defendants and Relief Defendants, joint-and-severally, to pay disgorgement in the amount of $206,763, plus prejudgment interest thereon in the amount of $25,000;

 (d) orders Defendant Daniel D. Starczewski to pay a civil penalty in the amount of $55,000 under Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)];

 (e) orders Defendant Joe V. Overcash, Jr. to pay a civil penalty in the amount of $55,000 under Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]; and

 (f) to secure payment of the disgorgement and penalties against Defendants and disgorgement against Relief Defendants, ordered by the Final Judgment, Defendant Starczewski has provided plaintiff Securities and Exchange Commission ("Commission") with a Security Agreement and Forms UCC-1 and UCC-1Cad with respect to the cooperative apartment known as Apartment 19-V, 310 East 46th Street, New York, New York 10017 (the "Property"). Defendants and Relief Defendants consent to the Commission's filing of the Security Agreement and UCC Forms, and taking any other steps necessary to perfect the Commission's security interest in the Property, upon the Court's entry of the Final Judgment. In the event Defendants and Relief Defendants fail to make any payment required by the Final Judgment, the Commission may enforce the Security Agreement against the Property.

3. Defendants agree that they shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendants pay pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof

3

are added to a distribution fund or otherwise used for the benefit of investors. Defendants further agree that they shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendants pay pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4. Defendants and Relief Defendants waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendants and Relief Defendants waive the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendants and Relief Defendants enter into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendants or Relief Defendants to enter into this Consent.

7. Defendants and Relief Defendants agree that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendants and Relief Defendants will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waive any objection based thereon.

9. Defendants and Relief Defendants waive service of the Final Judgment and agree that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendants and Relief Defendants of its terms and conditions. Defendants and Relief Defendants further agree to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration

stating that Defendants and Relief Defendants have received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendants and Relief Defendants in this civil proceeding. Defendants and Relief Defendants acknowledge that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendants and Relief Defendants waive any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendants further acknowledge that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendants understand that they shall not be permitted to contest the factual allegations of the Second Amended Complaint in this action.

11. Defendants and Relief Defendants understand and agree to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendants and Relief Defendants agree:

5

(i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Second Amended Complaint or creating the impression that the Second Amended Complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendants and Relief Defendants hereby withdraw any papers filed in this action to the extent that they deny any allegation in the Second Amended Complaint. If Defendants or Relief Defendants breach this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendants' or Relief Defendants': (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendants and Relief Defendants hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendants or Relief Defendants to defend against this action. For these purposes, Defendants and Relief Defendants agree that Defendants and Relief Defendants are not prevailing parties in this action since the parties have reached a good faith settlement.

13. Defendants and Relief Defendants agree that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14. Defendants and Relief Defendants agree that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 4-6-11

_____
Daniel D. Starczewski

On April 6, 2011, F 200__, Daniel D. Starczewski, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

Melissa F. Flowers
Notary Public
Commission expires: 4-9-2011

Dated: 4-6-2011

_____
Joe V. Overcash, Jr.

On April 6, 2011, 200__, Joe V Overcash, Jr., a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

Melissa F. Flowers
Notary Public
Commission expires: 4-9-2011

Power Network, Inc.

Dated: 4-6-2011

By: _____
Joe Overcash
President
1020 Brookstown Avenue, Suite 30
Winston Salem, NC 27101

On April 6, 2011, 200__, Joe Overcash, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

Melissa F. Flowers
Notary Public
Commission expires: 4-9-2011

7

Tuscany Consulting, Inc.

Dated: __4-6-2011__       By: _____
                               Joe Overcash
                               President
                               1020 Brookstown Avenue, Suite 30
                               Winston Salem, NC 27101

On April 6, 2011, 200_, __Joe Overcash__, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_Melissa F Flowers_
Notary Public
Commission expires: 4-9-2011

Starr Consulting, Inc.

Dated: __4-6-11__         By: _____
                               Daniel D. Starczewski
                               President
                               932 Burke Street
                               Winston Salem, NC 27101

On April 6, 2011 200_, __Daniel D. Starczewski__, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_Melissa F Flowers_
Notary Public
Commission expires: 4-9-2011

8

Dated: 4-6-11

Seville Consulting, Inc.

By: _Kelli Myers_
Kelli Myers
President
1020 Brookstown Avenue, Suite 30
Winston Salem, NC 27101

On April 6, 2011, 200__, Kelli Myers, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_Melissa F. Flowers_
Notary Public
Commission expires: 4-9-2011

Dated: 4-06-2011

Project Development, Inc.

By: _Daniel Motsinger_
Daniel Motsinger
President
1020 Brookstown Avenue, Suite 30
Winston Salem, NC 27101

On April 6, 2011, 200__, Daniel Motsinger, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_Melissa F. Flowers_
Notary Public
Commission expires: 4-9-2011

9