USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/30/2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
SECURITIES AND EXCHANGE COMMISSION,

               Plaintiff,

       - against -

GREENSTONE HOLDINGS, INC., HISAO SAL
MIWA, JOHN B. FROHLING, DANIEL D.
STARCZEWSKI, JOE V. OVERCASH, JR., FRANK J.
MORELLI III, THOMAS F. PIERSON, and JAMES S.
PAINTER, III,

               Defendants,

ACTIVE STEALTH, LLC, BAF CONSULTING, INC.,
BLUEWATER EXECUTIVE CAPITAL, LLC,
EMERGING MARKETS CONSULTING, LLC, KCS
REFERAL SERVICES, LLC, MBA INVESTORS,
LTD., NEW AGE SPORTS, INC., POWER
NETWORK, INC., PROJECT DEVELOPMENT, INC.,
SEVILLE CONSULTING, INC., STARR
CONSULTING, INC., TUSCANY CONSULTING,
INC., and YT2K, INC.,

               Relief Defendants.
------------------------------------------------------------ x

10 Civ. 1302 (MGC)

ECF CASE

## FINAL JUDGMENT AS TO DEFENDANT JAMES S. PAINTER, III AND RELIEF DEFENDANT EMERGING MARKETS CONSULTING, LLC

The Securities and Exchange Commission having filed a Complaint and Defendant James S. Painter, III and Relief Defendant Emerging Markets Consulting, LLC having entered a general appearance; consented to the Court's jurisdiction over them and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Painter and Defendant Painter's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933, as amended (the "Securities Act") [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

2

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that:

(a) Defendant Painter and Relief Defendant Emerging Markets Consulting, LLC are jointly and severally liable for disgorgement of $352,428.00, representing profits gained as a result of the conduct alleged in the Second Amended Complaint, together with prejudgment interest thereon in the amount of $50,000.00.

(b) Defendant Painter and Relief Defendant Emerging Markets Consulting, LLC shall satisfy this obligation by paying $402,428.00 (the "Disgorgement") pursuant to the terms of the payment schedule set forth in paragraph III below after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission.

(c) Defendant Painter shall pay a civil penalty in the amount of $20,000.00 (the "Penalty") pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)]. Defendant Painter shall make this payment pursuant to the terms of the payment schedule set forth in paragraph III below after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission.

(d) The Disgorgement and Penalty payments shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying James S. Painter, III as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant

3

to this Final Judgment. Defendant Painter shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that:

(a) Defendant Painter and Relief Defendant Emerging Markets Consulting, LLC shall pay the Disgorgement in three installments according to the following schedule: (1) $134,143.00, within 14 days of entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; (2) $134,143.00, within 120 days of entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; and (3) $134,142.00, within 270 days of entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961.

(b) Defendant Painter shall pay the Penalty in three installments according to the following schedule: (1) $6,667.00, within 14 days of entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; (2) $6,667.00, within 120 days of entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; and (3) $6,666.00, within 270 days of entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961.

If Defendant Painter and Relief Defendant Emerging Markets Consulting, LLC fail to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately without further application to the Court.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the annexed Consent of Defendant Painter and Relief Defendant Emerging Markets Consulting, LLC is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant Painter and Relief Defendant Emerging Markets Consulting, LLC shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: June 29, 2011

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
SECURITIES AND EXCHANGE COMMISSION,

                     Plaintiff,

        - against -

GREENSTONE HOLDINGS, INC., HISAO SAL
MIWA, JOHN B. FROHLING, DANIEL D.
STARCZEWSKI, JOE V. OVERCASH, JR., FRANK J.
MORELLI III, THOMAS F. PIERSON, and JAMES S.
PAINTER, III,

                     Defendants,

ACTIVE STEALTH, LLC, BAF CONSULTING, INC.,
BLUEWATER EXECUTIVE CAPITAL, LLC,
EMERGING MARKETS CONSULTING, LLC, KCS
REFERAL SERVICES, LLC, MBA INVESTORS,
LTD., NEW AGE SPORTS, INC., POWER
NETWORK, INC., PROJECT DEVELOPMENT, INC.,
SEVILLE CONSULTING, INC., STARR
CONSULTING, INC., TUSCANY CONSULTING,
INC., and YT2K, INC.,

                     Relief Defendants.
---------------------------------------------------------------- x

10 Civ. 1302 (MGC)

ECF CASE

## CONSENT OF DEFENDANT JAMES S. PAINTER, III AND RELIEF DEFENDANT EMERGING MARKETS CONSULTING, LLC

    1.    Defendant James S. Painter, III ("Defendant") and Relief Defendant Emerging Markets Consulting, LLC ("Relief Defendant") acknowledge having been served with the complaint in this action, enter a general appearance, and admit the Court's jurisdiction over them and over the subject matter of this action.

    2.    Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant and Relief Defendant admit), Defendant and Relief Defendant hereby consent to the entry of the final Judgment in the form

1

attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a)    permanently restrains and enjoins Defendant from violating Section 5 of the Securities Act of 1933, as amended (the "Securities Act") [15 U.S.C. § 77e];

    (b)    orders Defendant and Relief Defendant to pay disgorgement in the amount of $352,428.00, plus prejudgment interest thereon in the amount of $50,000.00; and

    (c)    orders Defendant to pay a civil penalty in the amount of $20,000.00 under Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)].

3. Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4. Defendant and Relief Defendant waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant and Relief Defendant waive the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant and Relief Defendant enter into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant and Relief Defendant agree that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant and Relief Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waive any objection based thereon.

9. Defendant and Relief Defendant waive service of the Final Judgment and agree that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant and Relief Defendant of its terms and conditions. Defendant and Relief Defendant further agree to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant and Relief Defendant have received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant and Relief Defendant in this civil proceeding. Defendant and Relief Defendant acknowledge that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant and Relief Defendant waive any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant and Relief Defendant further acknowledge that the

3

Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant and Relief Defendant understand that they shall not be permitted to contest the factual allegations of the complaint in this action.

11. Defendant and Relief Defendant understand and agree to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant and Relief Defendant agree: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant and Relief Defendant hereby withdraw any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant or Relief Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's or Relief Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant and Relief Defendant hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant or Relief Defendant to defend against this action. For these purposes, Defendant and Relief Defendant agree that Defendant and Relief Defendant are not the prevailing party in this action since the parties have reached a good faith settlement.

13. Defendant and Relief Defendant agree that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14.  Defendant and Relief Defendant agree that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 2-15-2011

_____
James S. Painter, III

On Feb 15, 2011, James S. Painter III, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: Sept 29, 2012

*[Notary Seal: RYAN K. PAINTER, MY COMMISSION # DD 826884, EXPIRES: September 29, 2012, Bonded Thru Notary Public Underwriters]*

Dated: 2-15-2011

Emerging Markets Consulting, LLC
By: _____
James S. Painter, III
Sole Member
126 Suite A, South Bumby Avenue
Orlando, Florida 32803

On Feb 15, 2011, James S. Painter, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

*[Notary Seal: RYAN K. PAINTER, MY COMMISSION # DD 826884, EXPIRES: September 29, 2012, Bonded Thru Notary Public Underwriters]*

Approved as to form:

_____
Robert G. Heim, Esq.
Meyers & Heim LLP
444 Madison Avenue, 30th Floor
New York, NY 10022
Phone: (212) 355-7188
*Attorney for Defendant James S. Painter, III
and Relief Defendant Emerging Markets
Consulting, LLC*