USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/30/2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

SECURITIES AND EXCHANGE COMMISSION,

                         Plaintiff,

               - against -

GREENSTONE HOLDINGS, INC., HISAO SAL
MIWA, JOHN B. FROHLING, DANIEL D.
STARCZEWSKI, JOE V. OVERCASH, JR., FRANK J.
MORELLI III, THOMAS F. PIERSON, JAMES S.
PAINTER, III, and VIRGINIA K. SOURLIS

                     Defendants,

ACTIVE STEALTH, LLC, BAF CONSULTING, INC.,
BLUEWATER EXECUTIVE CAPITAL, LLC,
EMERGING MARKETS CONSULTING, LLC, KCS
REFERAL SERVICES, LLC, MBA INVESTORS,
LTD., NEW AGE SPORTS, INC., POWER
NETWORK, INC., PROJECT DEVELOPMENT, INC.,
SEVILLE CONSULTING, INC., STARR
CONSULTING, INC., TUSCANY CONSULTING,
INC., and YT2K, INC.,

                 Relief Defendants.

------------------------------------------------------------ x

10 Civ. 1302 (MGC)

ECF CASE

## FINAL JUDGMENT AS TO DEFENDANT FRANK J. MORELLI, III, AND RELIEF DEFENDANTS BAF CONSULTING, INC. AND NEW AGE SPORTS, INC.

       The Securities and Exchange Commission having filed a Second Amended Complaint,

and Defendant Frank J. Morelli, III ("Defendant") and relief defendants BAF Consulting, Inc.

and New Age Sports, Inc. ("Relief Defendants") having entered a general appearance; consented

to the Court's jurisdiction over Defendant and Relief Defendants and the subject matter of this

action; consented to entry of this Final Judgment without admitting or denying the allegations of

the Second Amended Complaint (except as to jurisdiction); waived findings of fact and

conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933, amended (the "Securities Act") [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

2

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is barred, for one year following the date of entry of this Final Judgment, from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. § 240.3a51-1].

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that:

(a)     Defendant and Relief Defendants are jointly and severally liable for disgorgement of $103,382, representing profits gained as a result of the conduct alleged in the Second Amended Complaint, together with prejudgment interest thereon in the amount of $12,297, for a total of $115,679 (the "Disgorgement"). Defendant and Relief Defendants shall satisfy this Disgorgement obligation by paying (1) $57,839.50 within 120 days after entry of this Final Judgment, plus post-judgment interest pursuant to 28 U.S.C. § 1961; and (2) an additional $57,839.50 within 240 days after the entry of this Final Judgment, plus post-judgment interest pursuant to 28 U.S.C. § 1961. Defendant and Relief Defendants shall make these Disgorgement payments by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The Disgorgement payments shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Frank J. Morelli, III as a defendant in this action,

3

and BAF Consulting, Inc. and New Age Sports, Inc. as relief defendants in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payments are made pursuant to this Final Judgment.  Defendant and Relief Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

      (b)    Defendant shall pay a civil penalty in the amount of $55,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)].  Defendant shall satisfy this obligation by paying $55,000 within 365 days after entry of this Final Judgment, plus post-judgment interest pursuant to 28 U.S.C. § 1961, by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission.  The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Frank J. Morelli, III as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  Defendant Morelli shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

      (c)    If Defendant or Relief Defendants fail to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately without further application to the Court.

      (d)    To secure the payment of the Disgorgement, prejudgment interest, and penalty amounts ordered by this Final Judgment, Defendant has provided the Commission with a Deed

4

of Trust (Mortgage) executed by Barbara J. Morelli with respect to the property known as 412

Loma Drive, Florence, Colorado 81226 (the "Property"). In the event Defendants and Relief

Defendants fail to make any payment required by this Final Judgment, the Commission may

enforce the Deed of Trust (Mortgage) against the Property. Barbara J. Morelli shall have no

personal liability with respect to any amounts due under this Final Judgment.

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the annexed Consent

of Defendant and Relief Defendants is incorporated herein with the same force and effect as if

fully set forth herein, and that Defendant and Relief Defendants shall comply with all of the

undertakings and agreements set forth therein.

### V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

### VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: ___June 27, 2011___

UNITED STATES DISTRICT JUDGE

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

SECURITIES AND EXCHANGE COMMISSION,

                 Plaintiff,

         - against -

GREENSTONE HOLDINGS, INC., HISAO SAL
MIWA, JOHN B. FROHLING, DANIEL D.
STARCZEWSKI, JOE V. OVERCASH, JR., FRANK J.
MORELLI III, THOMAS F. PIERSON, JAMES S.
PAINTER, III, and VIRGINIA K. SOURLIS,

                 Defendants,

ACTIVE STEALTH, LLC, BAF CONSULTING, INC.,
BLUEWATER EXECUTIVE CAPITAL, LLC,
EMERGING MARKETS CONSULTING, LLC, KCS
REFERAL SERVICES, LLC, MBA INVESTORS,
LTD., NEW AGE SPORTS, INC., POWER
NETWORK, INC., PROJECT DEVELOPMENT, INC.,
SEVILLE CONSULTING, INC., STARR
CONSULTING, INC., TUSCANY CONSULTING,
INC., and YT2K, INC.,

              Relief Defendants.

------------------------------------------------------------ x

10 Civ. 1302 (MGC)

ECF CASE

## CONSENT OF DEFENDANT FRANK J. MORELLI, III, AND RELIEF DEFENDANTS BAF CONSULTING, INC. AND NEW AGE SPORTS, INC.

    1.     Defendant Frank J. Morelli, III ("Defendant"), and relief defendants BAF

Consulting, Inc. and New Age Sports, Inc. ("Relief Defendants"), acknowledge having been

served with the Second Amended Complaint in this action, enter a general appearance, and admit

the Court's jurisdiction over Defendant and Relief Defendants and over the subject matter of this

action.

    2.     Without admitting or denying the allegations of the Second Amended Complaint

(except as to personal and subject matter jurisdiction, which Defendant and Relief Defendants

1

admit), Defendant and Relief Defendants hereby consent to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

(a)   permanently restrains and enjoins Defendant from violating Section 5 of the Securities Act of 1933, as amended (the "Securities Act") [15 U.S.C. § 77e];

(b)   bars Defendant, for one year following the date of entry of the Final Judgment, from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock, a penny stock being any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. § 240.3a51-1];

(c)   orders Defendant and Relief Defendants, jointly and severally, to pay disgorgement in the amount of $103,382, plus prejudgment interest thereon in the amount of $12,297;

(d)   orders Defendant to pay a civil penalty in the amount of $55,000 under Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)]; and

(e)   to secure the payment of the disgorgement, prejudgment interest, and penalty amounts ordered by the Final Judgment, Defendant has provided the Commission with a Deed of Trust (Mortgage) executed by Barbara J. Morelli with respect to the property known as 412 Loma Drive, Florence, Colorado 81226 (the "Property"). Defendant and Relief Defendants

2

consent to the Commission's filing of the Deed of Trust (Mortgage) and taking any other steps necessary to perfect the Commission's security interest in the Property, upon the Court's entry of the Final Judgment. In the event Defendant and Relief Defendants fail to make any payment required by the Final Judgment, the Commission may enforce the Deed of Trust (Mortgage) against the Property. Barbara J. Morelli shall have no personal liability with respect to any amounts due under the Final Judgment.

3.     Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4.     Defendant and Relief Defendants waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.     Defendant and Relief Defendants waive the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.     Defendant and Relief Defendants enter into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission

3

or any member, officer, employee, agent, or representative of the Commission to induce

Defendant or Relief Defendants to enter into this Consent.

7.      Defendant and Relief Defendants agree that this Consent shall be incorporated

into the Final Judgment with the same force and effect as if fully set forth therein.

8.      Defendant and Relief Defendants will not oppose the enforcement of the Final

Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules

of Civil Procedure, and hereby waive any objection based thereon.

9.      Defendant and Relief Defendants waive service of the Final Judgment and agree

that entry of the Final Judgment by the Court and filing with the Clerk of the Court will

constitute notice to Defendant and Relief Defendants of its terms and conditions.  Defendant and

Relief Defendants further agree to provide counsel for the Commission, within thirty days after

the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating

that Defendant and Relief Defendants have received and read a copy of the Final Judgment.

10.     Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims

asserted against Defendant and Relief Defendants in this civil proceeding.  Defendant and Relief

Defendants acknowledge that no promise or representation has been made by the Commission or

any member, officer, employee, agent, or representative of the Commission with regard to any

criminal liability that may have arisen or may arise from the facts underlying this action or

immunity from any such criminal liability.  Defendant and Relief Defendants waive any claim of

Double Jeopardy based upon the settlement of this proceeding, including the imposition of any

remedy or civil penalty herein.  Defendant and Relief Defendants further acknowledge that the

Court's entry of a permanent injunction may have collateral consequences under federal or state

law and the rules and regulations of self-regulatory organizations, licensing boards, and other

4

regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant and Relief Defendants understand that they shall not be permitted to contest the factual allegations of the Second Amended Complaint in this action.

11.     Defendant and Relief Defendants understand and agree to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant and Relief Defendants agree: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Second Amended Complaint or creating the impression that the Second Amended Complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant and Relief Defendants hereby withdraw any papers filed in this action to the extent that they deny any allegation in the Second Amended Complaint. If Defendant or a Relief Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's and Relief Defendants': (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.     Defendant and Relief Defendants hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United

5

States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant or Relief Defendants to defend against this action. For these purposes, Defendant and Relief Defendants agree that Defendant and Relief Defendants are not the prevailing party in this action since the parties have reached a good faith settlement.

13.     Defendant and Relief Defendants agree that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14.     Defendant and Relief Defendants agree that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 4-12-11 _____          _~Frank J. Morelli~_____
                                      Defendant Frank J. Morelli, III

On _April 12_, _2011_, _Frank J Morelli III_____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_~signature~_____
Notary Public
Commission expires: 12-30-2012

6

BAF Consulting, Inc.

Dated: _4-12-11_                    By: _Barbara Morelli_
                                    Barbara Morelli, President
                                    115 East Main St., Ste 1
                                    Florence, CO 81226

On _April 12_, ~~200~~ 2011, _Barbara Morelli_, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.

_Ashley Haines Mar_
Notary Public
Commission expires: _12-30-2012_

Dated: _April 12, 2011_              By: _Ashley Mar_
                                    Ashley Martinez, President
                                    115 East Main St., Ste 1
                                    Florence, CO 81226

On _4/12_, ~~200~~ 2011, _Ashley Martinez_, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.

_Elizabeth J. Peterson_
Notary Public
Commission expires: _2/2/13_

7