USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/22/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,      10 Civ. 1302 (MGC)

  - against -

GREENSTONE HOLDINGS, INC., et al.,

    Defendants and Relief Defendants.

------------------------------------------------------------- x

## FINAL JUDGMENT AS TO DEFENDANT THOMAS F. PIERSON AND RELIEF DEFENDANTS ACTIVE STEALTH, LLC, MBA INVESTORS, LTD., AND YT2K, INC.

WHEREAS, by consent of plaintiff Securities and Exchange Commission ("Commission"), Defendant Thomas F. Pierson, and Relief Defendants Active Stealth, LLC, MBA Investors, Ltd., and YT2K, Inc. ("Relief Defendants"), on May 17, 2011, the Court entered a judgment, inter alia, permanently (1) enjoining defendant Pierson from violating Sections 5 and 17(a) of the Securities Act of 1933, Section 10(b) of the Securities Exchange Act of 1934, and Rule 10b-5 thereunder; and (2) barring defendant Pierson from participating in an offering penny stock. (Docket Entry ("DE") 126 ("Consent Judgment").)

WHEREAS, the Consent Judgment further ordered defendant Pierson to pay a civil money penalty and Pierson and the Relief Defendants jointly and severally to pay disgorgement and prejudgment interest thereon, in amounts to be determined later by motion of the Commission. On April 11, 2013, the Commission moved the Court seeking such monetary relief against Defendant Pierson and the Relief Defendants. (DE's 248-250.)

1

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

I.

Defendant Pierson and the Relief Defendants are jointly and severally liable for disgorgement of $73,214.67, representing profits gained as a result of the conduct alleged in the Third Amended Complaint, together with prejudgment interest thereon in the amount of $31,604.22. Defendant Pierson and the Relief Defendants shall satisfy this obligation by paying $104,818.89 to the Commission within 14 days after entry of this Final Judgment ("Disgorgement").

II.

Defendant Pierson shall also pay a civil penalty in the amount of $70,000.00 to the Commission pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] ("Penalty"). Defendant Pierson shall make this payment within 14 days after entry of this Final Judgment.

III.

Defendant Pierson and the Relief Defendants may transmit payment of Disgorgement and Penalty electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant Pierson and the Relief Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to Enterprise Services Center, Accounts Receivable Branch, 6500 South MacArthur Boulevard, Oklahoma City, OK 73169, and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Thomas F. Pierson as a

2

Defendant and Active Stealth, LLC, MBA Investors, Ltd., and YT2K, Inc. as Relief Defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant Pierson and the Relief Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant Pierson and the Relief Defendants relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant Pierson or the Relief Defendants. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

IV.

The Consent Judgment, entering certain relief against Defendant Pierson and the Relief Defendants, is incorporated in full into this Final Judgment.

V.

This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: May 21, 2013

S/ _____
The Honorable Miriam G. Cedarbaum
United States District Judge